**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLES ANDERSON,**

**Plaintiff,**

**vs.** **Case No.:**

**ERIC K. SHINSEKI, SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS,**

**Defendant.**
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, Dr. Charles Anderson ("Anderson") complains of Defendant, Eric K. Shinseki, Secretary, Department of Veterans Affairs ("Secretary"), as follows:

**JURISDICTION**

1. This court has jurisdiction of the claims in this complaint pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. § 1331.

2. Plaintiff has complied with all jurisdictional prerequisites to action under the ADEA and Title VII, as amended, including having exhausted or being excused of any required administrative remedies.

**PARTIES**

3. Bay Pines VA Health Care System ("Bay Pines") is a Veterans Administration ("VA") hospital and medical center with related services. It is directed by a Medical Center

Director, who at times relevant was Mr. Wallace Hopkins ("Hopkins"). Bay Pines is broken down into various services, including the Medicine, Surgical, Geriatrics and Extended Care, Primary Care, and Mental Health Services. Presently, and at all relevant times, Dr. George Van Buskirk ("Van Buskirk") was the Chief of Staff with line authority over the several medical services within the hospital. The Chief of the Medicine Service at all relevant times was Dr. Lithium Lin ("Lin").

4. Each of the employees of the VA or Bay Pines described herein was employed by the Defendant or Bay Pines and was acting within the course and scope of his or her employment with the Defendant or Bay Pines at the time of the conduct described herein.

5. Anderson, a resident of Treasure Island, Florida, is the Section Head of Pulmonary Medicine at Bay Pines. He has been employed at Bay Pines from 1987 to the present. At all relevant times, Anderson's first-line supervisor was Lin, whose supervisor was Van Buskirk. Anderson was born in May of 1951 and is 60 years old.

## GENERAL ALLEGATIONS

### A. Pattern, Practice and Culture of Retaliation

6. The Defendant has engaged in a pattern and practice of retaliation and hostile retaliatory work environment and has maintained a culture of retaliation and hostile retaliatory work environment and has allowed a culture of retaliation and hostile retaliatory environment to be maintained with respect to Equal Employment Opportunity ("EEO") activity, including making EEO complaints, participating as a witness on behalf of other parties' EEO complaints and objecting to or opposing discriminatory and retaliatory conduct.

7. For many years various high-ranking administrators, managers and supervisors at Bay Pines, including Hopkins, Van Buskirk and Lin, have punished employees or permitted or

overlooked the hostile treatment of employees who made EEO complaints or who objected to or opposed discrimination or retaliation. Such administrators have attempted to deter the making of EEO complaints by retaliating against or overlooking retaliation against employees who have made EEO complaints or have opposed discrimination or retaliation. For example, Van Buskirk, the Chief of Staff, and Lin, the Chief of the Medicine Service, with the knowledge, assistance and support of Hopkins, decided to and attempted to deter the filing of employment complaints by retaliating against those who engaged in EEO activity. To this end Lin and Van Buskirk, with the actual or tacit support of Hopkins, undertook a course of retaliation against numerous Bay Pines employees for engaging in EEO and other protected activity.

8. In July 2009, following a jury trial in the U.S. District Court for the Middle District of Florida (*Fiedler, et. al. v. Eric Shinseki, Secretary, Department of Veterans Affairs*; case number 8:07-cv-1524), a jury found that Bay Pines had retaliated against three doctors and an administrative officer for EEO activity and awarded damages to the plaintiffs. The complaint alleged, and the case was presented and argued as involving a systemic scheme at Bay Pines perpetrated by Hopkins, Van Buskirk and Lin to retaliate against employees who engaged in EEO activity in order to punish those employees and to deter others from engaging in EEO activity. On November 23, 2009 the federal court in that case entered an order declaring that "there is no showing permitting a conclusion that the discriminatory conduct will not recur or that the circumstances have changed such that the effects of the retaliatory hostile work environment [at Bay Pines] have been eliminated" and that "[i]ndeed, it appears that no changes have been made at all at Bay Pines VA in response to the verdict in this case." The court's order also granted injunctive and equitable relief including enjoining Bay Pines from "continuing or maintaining any policy, custom, usage or practice of retaliation, retaliatory harassment, or

retaliatory hostile work environment" at Bay Pines and ordered "remedial instruction on work place discrimination, with particular focus on retaliation and retaliatory harassment in the work place, and hostile work environment for, *inter alia*, Hopkins, Van Buskirk and Lin.

**B. Pattern and Practice of Age Discrimination**

9. The Defendant has engaged in a pattern and practice of discrimination on the basis of age, and a pattern and practice of retaliation in relation to Equal Employment Opportunity ("EEO") claims or participation as a witness on behalf of other parties' EEO claims. These include retaliation for current EEO claims and past EEO claims. Those past claims include but are not limited to cases settled for damages and other relief arising out of a pattern and practice of age discrimination and retaliation of which there was considerable evidence including a videotaped speech in which the former Chief of Medicine purposefully announced his intent to drive out all older doctors to make room for younger doctors. At the time these statements were made, all of the full-time sections chiefs were over 40 years of age. The Chief of Medicine Service at that time let it be known he had the support of the Chief of Staff at that time. Each was ultimately asked to step down.

10. In order to retain doctors and to fill vacant positions and entice new hires, the United States Congress passed a law giving the VA the ability to set pay for each physician through a system including (1) base or longevity pay determined by the number of years of service with the VA and (2) market pay. The market pay determination was to be made for each physician and included the following factors: relevant experience, department need, the relevant health care labor market, board certifications, prior VA experience and other considerations as deemed appropriate. 38 U.S.C. § 7431(c). At Bay Pines, the market pay policy has been to

increase the salary offered to new physician candidates resulting in new and less-experienced physicians hired and starting at higher market pay than what current employees receive.

11. With regards to Defendant's pattern and practice of age discrimination, the market pay policies at Bay Pines involve disparate treatment of older employees. For example, physicians at Bay Pines who have been at the facility longer and are generally more experienced and older in age receive less in market pay. Moreover, newly hired physicians, who are much younger on average, are systematically offered a higher market pay.

12. Alternatively, in the event these policies are viewed as facially neutral, the market pay policies at Bay Pines have a disparate impact on older employees.

## SPECIFIC ALLEGATIONS

13. At the relevant times, Van Buskirk, Lin and members of the Compensation Panel Committee were aware of relevant EEO activity by Anderson when they took the adverse actions against Anderson.

14. In May 2010, Anderson learned that his market pay was less than other physicians in his section, Pulmonary Medicine, and that a new hire would be receiving approximately $45,000 more in market pay than what Anderson was making at the time.

15. Anderson discussed the matter with his supervisor, Lin, and was told that nothing would happen with regards to his pay issue until the new hire entered on duty approximately four months later.

16. Anderson made an informal EEO complaint with ORM on or about July 8, 2010. Anderson filed a formal EEO complaint (Case No. 2001-0516-2010103924) on September 30, 2010.

17. In or around September 2010, Anderson was offered an increase in pay only if he dropped his EEO complaint, but he declined. A week later, all members of his section received pay increases. Anderson received a pay increase shortly thereafter.

**COUNT I**
**(Retaliation)**

18. Plaintiff, Dr. Charles Anderson, sues Eric K. Shinseki, as the Secretary of Veterans Affairs, for retaliation under the ADEA and Title VII.

19. Plaintiff incorporates and realleges paragraphs 1 through 17.

20. Plaintiff engaged in EEO activity which is protected under the ADEA and Title VII. A complaint was filed in federal court and settled in May, 2005.

21. The Defendant and, in particular, Van Buskirk, Lin and Hopkins were aware of each of the Plaintiff's protected or EEO activities. Moreover, Van Buskirk was involved in the settlement of the Plaintiff's prior EEO claim.

22. The aforesaid adverse employment actions; other adverse actions; misconduct; and other conduct, acts and omissions to the Plaintiff's detriment; as well as other adverse employment actions and conduct, were all taken (or failed to be taken) by administrators and managing and supervisory personnel at Bay Pines in retaliation for the protected or EEO activity of the Plaintiff including those set forth above.

23. As a direct and proximate result of the protected or EEO activity, Plaintiff has been denied equal employment opportunity for wages, compensation, promotion and other terms and conditions of employment by the Defendant. In particular, Plaintiff has been paid less market and total pay than he should have been. He has also been denied his proper classification as a Tier II Supervisor, which in turn affected his total pay.

24. Bay Pines has intentionally maintained these retaliatory and unlawful practices to the detriment of its employees.

25. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff.

26. The Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

27. The Defendant, through the supervisors of the Plaintiff, including Hopkins, Van Buskirk, Lin and others, has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiff's efforts to obtain relief under the ADEA and Title VII.

28. The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors in Bay Pines that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice by administrators, managers and supervisors at Bay Pines.

29. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his right to equal employment opportunity in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

30. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; payment of attorneys' fees and legal costs; loss of an amicable work environment; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe

emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

31. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

32. WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

**COUNT II**
**(Age Discrimination)**

33. Plaintiff, Dr. Charles Anderson, sues Eric K. Shinseki, as Secretary of the Department of Veterans Affairs for age discrimination under the ADEA.

34. Plaintiff incorporates and realleges paragraphs 1 through 17.

35. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of his age (60).

36. The above discriminatory actions were taken by the supervisory personnel within the VA because of his age.

37. The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

38. The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against the Plaintiff.

39. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

40. The Defendant, through the Plaintiff's managers and supervisors has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under the ADEA.

41. The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors at Bay Pines that age discrimination is acceptable employment practice.

42. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

43. Alternatively, in the event these policies are viewed as facially neutral, the market pay policies have had a disparate impact on older physicians and the Plaintiff.

44. Plaintiff has satisfied all conditions precedent to filing of this suit or he has been prevented by the Defendant from satisfying such conditions precedent, or he is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, attorneys' fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Dr. Charles Anderson, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Joseph D. Magri
Florida Bar No.: 0814490

Merkle Magri & Meythaler, P.A.
5415 Mariner St., Suite 103
Tampa, FL 33609
Tel. (813) 281-9000
Fax. (813) 281-2223
Email: jmagri@merklemagri.com